UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOUIS JEFFERY HOGGS,

    Petitioner,

v.                                                                        CASE NO. 6:04-cv-1703-Orl-31KRS

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## ORDER

This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 7). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 13). Petitioner then filed a reply (Doc. No. 19). Petitioner alleges one claim for relief in his habeas petition: that he received ineffective assistance of counsel.

*Procedural History*

Petitioner was charged by information with two counts of the sale of cocaine. Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter pleas of guilty to both counts. The trial court held a hearing on the pleas and ultimately accepted them. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of eighteen years as to each count, with the sentences to run concurrently. Petitioner filed a

direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam.*

Petitioner next filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed in a written opinion. *See Hoggs v. State*, 857 So. 2d 358 (Fla. 5th DCA 2003).

Petitioner then filed a second motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam.*

### *Petitioner's Claim*

Petitioner avers that he received ineffective assistance of counsel because he "was without counsel during a critical stage of the proceedings, due to a conflict of interest."

This claim was raised in Petitioner's second motion for postconviction relief, and the trial court determined that it was procedurally barred. The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[1] or (2) are not exhausted but would clearly be barred if returned to state court.[2] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have

---

[1] *Harris v. Reed*, 489 U.S. 255, 261 (1989).

[2] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[3]

Petitioner's claim is procedurally barred because the trial court so determined in its order denying Petitioner's second motion for postconviction relief, and the state appellate court affirmed *per curiam*.[4] The denial on procedural bar grounds was a correct application of Florida law.

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[5] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is procedurally barred.

---

[3] Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[4] A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

[5] *See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Louis Jeffery Hoggs is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 26th day of August, 2005.

Copies to:
pslc 8/26
Counsel of Record
Louis Jeffery Hoggs

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE